UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony R. Taylor, # 197565, <br> *aka Anthony Robert Taylor,* <br><br> Petitioner, <br><br> vs. <br><br> SCDC; <br> Attorney General Henry D. McMaster; and <br> State of SC, <br><br> Respondents. | C/A No. 6:10-0911-HMH-WMC <br><br><br><br> **Report and Recommendation** |

## *Background of this Case*

The petitioner is an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections. The petitioner is serving consecutive sentences of thirty (30) years for possession with intent to distribute marijuana (twenty years) and distribution of marijuana (ten years). His convictions were entered in the Court of General Sessions for Richland County in 1996. The petitioner seeks a writ of mandamus against the South Carolina Department of Corrections, the Attorney General of the State of South Carolina, and the State of South Carolina. The petitioner contends that the consecutive sentence of ten years violates South Carolina statutory law. The petitioner indicates that he has filed a "petition" in the Court of Common Pleas and that the Attorney General of South Carolina has moved for dismissal on procedural grounds.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff or petitioner must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009),

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Any claims by the petitioner relating to his two sentences are barred because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-487 (footnote omitted). *See also Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995) (litigant's conviction reversed by state court in 1993; hence, civil rights action timely filed); *Treece v. Village of Naperville*, 903 F. Supp. 1251 (N.D. Ill. 1995); *Seaton v. Kato*, No. 94 C 5691, 1995 U.S. Dist. LEXIS 2380, *12-*13, 1995 WL 88956 (N.D. Ill., Feb. 28, 1995); and *Smith v. Holtz*, 879 F. Supp. 435 (M.D. Pa. 1995), *affirmed*, 87 F.3d 108 (3rd Cir. 1995).

Until the petitioner's two convictions or two sentences are set aside, any non-habeas civil action based on the convictions or sentences will be barred because of the holding in *Heck v. Humphrey*. *Sufka v. Minnesota*, No. 07-2528, 2007 U.S. Dist. LEXIS 84544, 2007 WL 4072313 (D. Minn., Nov. 15, 2007). Even so, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994). '

*Heck v. Humphrey* is applicable, even though a litigant is not seeking monetary damages. *See Womack v. Grannis*, No. 1:09-cv-01241-LJO-YNP PC, 2009 WL 5088765, *4 (E.D. Cal, Dec. 17, 2009); *Jones v. Staples*, No. 1:09-cv-1030, 2009 U.S. Dist. LEXIS 110098, 2009 WL 4251138, *3 (W.D. Mich., Nov. 24, 2009) ("To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)[.]"); and *Cox v. Ashcroft*, 601 F. Supp. 2d 1261, 1272 (E.D. Cal. 2009) ("This bar also extends to claims for declaratory relief. ").

This court cannot issue a writ of mandamus against state officials or state entities. A federal district court may issue a writ of mandamus only against an employee or official **of the United States**. *See*, *e.g.*, *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986); and *Ocean Breeze Park, Inc. v. Reich*, 853 F. Supp. 906, 915 (E.D. Va. 1994), *affirmed*, *Virginia Beach Policeman's Benevolent Association v. Reich*, No. 95-1773 and No. 95-2013, 96 F.3d 1440

4

[Table], 1996 U.S.App. LEXIS 28823, 1996 WL 511426 (4th Cir., June 5, 1996). Hence, the petitioner cannot obtain mandamus relief in this court against the respondents.

In *Gurley*, a prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (in North Carolina) to prepare a free transcript. The district court in *Gurley* denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d at 587.

The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988). In *Davis v. Lansing*, the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. *See also Craigo v. Hey*, 624 F. Supp. 414 (S.D. W.Va. 1985). In *Craigo*, the district court concluded that the petition for writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under *Boyce v. Alizaduh* and *Todd v. Baskerville* and, therefore, was subject to summary dismissal. *Craigo v. Hey*, 624 F. Supp. at 414. *Accord Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (W.D. Pa. 1988); and *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 & n. 1 (N.D. Ill. 1990).

5

The petitioner seeks appointment of counsel in this case. Since the above-captioned case is subject to summary dismissal, the petitioner is not entitled to appointment of counsel. *Jackson v. James Ludvick, P.O.*, No. 94 Civ. 3363 (DAB), 1995 U.S.Dist. LEXIS 1090, *1, 1995 WL 42256, *1 (S.D.N.Y., Feb. 2, 1995) (magistrate judge's order denying appointment of counsel because case subject to dismissal).

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The petitioner's attention is directed to the Notice on the next page.

May 14, 2010  
Greenville, South Carolina

s/William M. Catoe  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The peitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).